1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT A. CROWE,                          No.  2:19-cv-745-EFB

12              Plaintiff,

13        v.                                     ORDER

14    ANDREW SAUL, Commissioner of Social
      Security
15
                Defendant.
16

17

18        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19  ("Commissioner") denying his applications for a period of disability and Disability Insurance

20  Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the

21  Social Security Act.  The parties have filed cross-motions for summary judgment.  ECF Nos. 11

22  & 14.  For the reasons discussed below, plaintiff's motion for summary judgment is denied and

23  the Commissioner's motion is granted.

24  I.    Background

25        Plaintiff filed applications for a period of disability, DIB, and SSI, alleging he had been

26  disabled since September 1, 2010.  Administrative Record ("AR") 646-61.  His applications were

27  denied initially and upon reconsideration.  *Id.* at 566-75, 582-94.  A hearing was subsequently

28  /////

held before administrative law judge ("ALJ") Mark Triplett. *Id.* at 476-511. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert testified. *Id.*

On March 6, 2018, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id.* at 75-85. The ALJ made the following specific findings:

1.  The claimant meets the insured status requirements of the Social Security Act through June 30, 2011.

2.  The claimant has not engaged in substantial gainful activity since September 1, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971, *et seq.*).

    \* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3.  The claimant has the following severe impairments: lumbar degenerative disc disease; degenerative joint disease of the right elbow; carpal tunnel syndrome (CTS), status post bilateral release; mild left ulnar neuropathy; left elbow epicondylitis; mild degenerative changes of both thumbs; right trigger finger, status post release; hypertension; and asthma (20 CFR 404.1520(c) and 416.920(c)).

    * * *

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

    * * *

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), with the following additional limitations.  He can occasionally climb ramps, stairs, ladders, ropes, and scaffolds.  He can occasionally balance, stoop, kneel, crouch, and crawl.  He can occasionally reach laterally with the right dominant upper extremity, and he can occasionally handle, finger, and feel bilaterally.  He can tolerate occasional exposure to pulmonary irritants.

    * * *

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

    * * *

7.  The claimant was born on [in] 1971 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

    * * *

/////

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 77-85.

Plaintiff's request for Appeals Council review was denied on March 5, 2019, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6. In so doing, the Appeals Council noted that plaintiff had submitted more than 400 additional medical records. *Id.* at 2. But it ultimately concluded that the additional records failed to provide a basis for changing the ALJ's decision. *Id.*

II.  Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

/////

/////

4

1    III.    Analysis

2          Plaintiff's motion raises two arguments.  First, plaintiff argues that the Commissioner

3    erred in evaluating additional evidence he submitted to the Appeals Council.  ECF No. 11 at 4-5.

4    Second, he argues the ALJ failed to properly evaluate limitations to his right upper extremity.  *Id.*

5    at 5-6.  For the reasons provided below, neither arguments is persuasive.

6          A.       Evidence Submitted to the Appeals Council

7          Plaintiff first argues that the Appeals Council failed to properly consider the additional

8    records he submitted after the ALJ's decision.  ECF No. 11 at 4-5.  In its denial of plaintiff's

9    request for review, the Appeals Council acknowledged that plaintiff had submitted more than 400

10   pages of medical records.  AR 2.  It determined, however, that a portion of the records did "not

11   relate to the period at issue," while the remaining records failed to show "a reasonable

12   probability" that they "would change the outcome of the [ALJ's] decision."  *Id.* at 2

13          "[W]hen the Appeals Council considers new evidence in deciding whether to review a

14   decision of the ALJ, that evidence becomes part of the administrative record, which the district

15   court must consider when reviewing the Commissioner's final decision for substantial evidence."

16   *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).  Plaintiff, however,

17   fails to provide any explanation for how the Appeals Council erred in considering the additional

18   records he submitted.  Instead, he simply claims that "[i]t defies belief that 432 pages of

19   additional evidence might not alter the ALJ's findings."  ECF No. 11 at 4.  He also notes that the

20   53 pages of records that postdated the ALJ's decision revealed treatment for "chronic, long-term

21   conditions including degenerative disc disease and pain of the lumbar spine; right elbow pain and

22   'popping,' a right elbow x-ray revealing significant arthritic changes, and left elbow pain."  *Id.* at

23   4-3.

24          Plaintiff, however, does not even attempt to explain how any of these records undermine

25   the ALJ's decision.  In fact, he does not cite to, much less discuss, any of the records submitted to

26   the Appeals Council.  By failing to articulate and develop a specific argument, the court is unable

27   to grant summary judgment in plaintiff's favor based on the Appeals Council's purported error.

28   *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[C]laimant carries the initial burden

1  of proving a disability."); *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929

2  (9th Cir. 2003) (internal quotations and citations omitted) ("Our circuit has repeatedly

3  admonished that we cannot manufacture arguments for an appellant and therefore we will not

4  consider any claims that were not actually argued in appellant's opening brief.  Rather, we review

5  only issues which are argued specifically and distinctly in a party's opening brief."); *Hibbs v.*

6  *Dep't of Human Res.*, 273 F.3d 844, 873 (9th Cir. 2001) (finding that the appellant's failure to

7  develop his argument rendered it incapable of assessment by the court); *Carmickle v. Comm'r of*

8  *Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address whether the ALJ

9  properly rejected claims of memory problems because the plaintiff "failed to argue this issue with

10  any specificity in his briefing.").  Accordingly, plaintiff has waived any challenge to the Appeals

11  Council's decision to decline review.

12        B.    <u>Reaching Limitations</u>

13        Plaintiff also argues that the ALJ erred in finding that he was only limited to occasionally

14  reaching laterally with his right upper extremity.  ECF No. 11 at 5-6.  Plaintiff contends that the

15  ALJ should have concluded he was impaired in his ability to reach in all directions, not just

16  laterally.  *Id*. at 5.  In support of that argument, plaintiff notes that the ALJ found that he suffered

17  from degenerative joint disease of the right elbow, with marginal spurring and narrowing.  *Id*. at

18  5.  He also notes his testimony reflected he "couldn't hardly move his elbow," "it is painful to do

19  anything with it," and that his elbow condition deteriorated after surgery.  *Id*.

20        As an initial matter, plaintiff appears to argue that his diagnosis of degenerative joint

21  disease demonstrates he was more limited in reaching.  However, a mere diagnosis is insufficient

22  to establish disability.  *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985); *Leddy v.*

23  *Berryhill*, 702 F. App'x 647, 648 (9th Cir 2017) (unpublished) (existence of an "impairment alone

24  does not establish functional limitation or disability.").  Moreover, the only evidence plaintiff

25  identifies in support his contention that he was more limited in reaching is his own testimony.

26  ECF No. 11 at 5.  But the ALJ specifically found that plaintiff's subjective complaints, including

27  those related to his elbow, were not fully credible—a finding that plaintiff does not challenge.

28  AR 79-82; *Indep. Towers*, 350 F.3d at 929 (argument not raised in brief is waived).

1    In his reply, plaintiff alters his position somewhat, arguing that the ALJ erred by failing to

2    identify the specific evidence he relied upon to restrict plaintiff to only occasionally reaching

3    laterally with his right arm.  ECF No. 15 at 2.  According to plaintiff, the failure to do so renders

4    it impossible to determine whether the ALJ's decision is based on substantial evidence.  *Id.*

5    Plaintiff's argument is belied by the ALJ's written decision.  In assessing plaintiff's RFC,

6    the ALJ specifically stated that full weight was afforded to the opinion of non-examining

7    physician Dr. G. William, who opined, among other things, that plaintiff was limited to

8    occasional "right lateral reaching."  AR 83; *see* AR 560; *see also Thomas v. Barnhart*, 278 F.3d

9    947, 957 (9th Cir. 2002) ("[T]he opinions of non-treating or non-examining physicians may also

10   serve as substantial evidence when the opinions are consistent with independent clinical findings

11   or other evidence in the record."); SSR 96-6p, 1996 WL 374180 ("State agency medical and

12   psychological consultants are highly qualified physicians and psychologist who are experts in the

13   evaluation of the medical issues in disability claims."); 20 C.F.R. §§ 404.1527(e) & 416.927(e)

14   (findings by state agency physicians constitute proper evidence from non-examining sources).

15   Contrary to plaintiff's contention, the ALJ identified the specific evidence supporting the

16   limitations resulting from plaintiff's right elbow impairment.  Accordingly, plaintiff has failed to

17   demonstrate that the Commissioner erred in finding he is not disabled.

18   IV.   Conclusion

19   Accordingly, it is hereby ORDERED that:

20   1.  Plaintiff's motion for summary judgment is denied;

21   2.  The Commissioner's cross-motion for summary judgment is granted; and

22   3.  The Clerk is directed to enter judgment in the Commissioner's favor.

23   DATED:  September 17, 2020.

25   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE